## Henry Lindeman v. Frank L. Fry et al.

1. DAMAGES—*$1,450 Not Excessive.*—When the evidence as to the usual and customary compensation of an architect for performing services is conflicting, and a verdict rendered for $1,450, the court can not say that the verdict is contrary to the weight of the evidence in this case.

2. INSTRUCTIONS—*Ignoring Evidence.*—An instruction which in effect asks the court to ignore evidence is properly refused.

**Assumpsit,** for architect's services. Trial in the Circuit Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed June 13, 1898.

BARKER & CHURCH, attorneys for appellant.

SMITH, SHEDD, UNDERWOOD & HALL, attorneys for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in assumpsit by appellees against appellant, for the sum of $1,450. The evidence shows that the appellees, who are architects and were in partnership as such, were employed by the appellant to prepare plans and specifications for four three-story brick and stone flat buildings one hundred feet in width, by fifty-seven feet in depth, and to superintend the construction of the buildings, and that they prepared the plans and specifications and superintended the erection of the buildings. It was stated on the trial by counsel for appellant, that there was no denial of services; that appellant's only defense was that the buildings were not properly superintended; that many things which, by the specifications, were to have been put in the buildings, were not put in, and that classes of material which were to have been put in were not put in.

Appellant introduced evidence tending to prove the defense above stated, and the appellees produced evidence in rebuttal to the effect that material which was omitted, and changes

in material which were made, were omitted and made with appellant's consent and approval, and that the work was fair average work. Appellees also produced a witness in rebuttal, who testified that, after the work had been completed, in January, 1894, he and appellee Fry and appellant looked the building over, and that appellant and Fry accepted all the work except the carpenter work and the painting, and that they decided to hold back and did hold back $560 from the carpenter and $380 from the painter, which amounts they estimated would be sufficient to complete the work.

Appellant, in sur-rebuttal, denied this, but he had previously denied that he employed appellees at all, notwithstanding his counsel's statement on the trial that there was no denial of the services of appellees, and the credibility of the witnesses was a matter to be passed on by the jury.

It is to be inferred from the evidence that different parts of the construction of the building were let to different contractors, but none of the contracts were put in evidence, and without examination of the contracts, it can not be known with certainty the kinds of material and the quality of work which each contractor was to furnish and perform. It can not be assumed, in the absence of proof, as it seems to be in the argument of appellant's counsel, that the specifications introduced in evidence formed a part of each contract. It sometimes happens in such cases that, by the contract proper, certain parts of the specifications prepared by the architect are excluded or modified.

It is claimed that the damages are excessive. The evidence as to the usual and customary compensation of an architect for performing such services as were performed by appellees, was conflicting, and we can not say that the verdict is contrary to the weight of the evidence in that regard.

Appellee Fry testified that the building cost about $28,000 and the fixtures over $1,000, and this was not contradicted, and he and two other witnesses testified that the customary compensation for such services was five per cent on the total cost of building and fixtures.

The refusal of the court to give the following instruction is assigned as error :

" The jury are instructed, that if they believe from the evidence, that the plaintiff in this case did not use reasonable care and diligence in the performance of his work as an architect, and the buildings of defendant were not properly constructed, then the defendant may recoup or set off the damages he may sustain on that account. And if, from the evidence, the jury find that the damages sustained are equal to, or greater than, the amount plaintiff might claim for services, then the jury should find for the defendant."

The instruction was properly refused. If the jury had found that the buildings were improperly constructed and that the plaintiffs had not exercised reasonable care and diligence, then, under the instruction, they must have found for appellant, even though they believed that the improper construction was not the fault of appellees.

The instruction is erroneous in another respect. Appellees' evidence showed that the carpenter's and painter's work was not complete, and that appellant accepted the work with knowledge of its incompleteness. This evidence the court is, by the instruction, asked to ignore, and in effect to exclude it from the jury.

We find no ground for reversal in the record. The judgment will be affirmed.